# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-17686** |
| **AUTOZONE STORES, LLC ET AL.** | **SECTION: "H"(5)** |

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendant has failed to adequately allege diversity its Notice of Removal. Accordingly, Defendant shall amend the Notice of Removal to correct this jurisdictional defect within 20 days of the entry of this Order or the case will be remanded for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Robert Lee filed a complaint in Louisiana state court on November 14, 2017. Defendant AutoZone Stores, LLC ("AutoZone") filed a Notice of Removal in this Court on December 21, 2017 invoking this Court's

diversity jurisdiction to remove Plaintiff's complaint. With regard to citizenship, the Notice of Removal alleges that Plaintiff Lee "is a resident of" the state of Louisiana and that Defendant AutoZone is "a foreign limited liability company with its domicile in the State of Delaware and its principal place of business in the State of Tennessee."[1]

## LAW AND ANALYSIS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[2] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[3] Cases arising under § 1332 require, *inter alia,* complete diversity of citizenship.[4] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[5] In this matter, the burden of proving complete diversity lies with Defendants.[6] To carry this burden, Defendants must "distinctly and affirmatively allege [ ] the citizenship of the parties."[7]

---

[1] Doc. 1 at 2.
[2] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).
[3] *See* 28 U.S.C. § 1332.
[4] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[5] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[6] *See* Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).
[7] Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

The manner in which a court determines the citizenship of juridical persons varies. A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located.[8] Non-corporate entities, however, do not acquire state citizenship independent of the entity's owners.[9] Therefore, in order for a Court to determine the citizenship of an unincorporated association, such as a partnership, it must look to the citizenship of all the partners.[10] Similarly, the "citizenship of a LLC is determined by the citizenship of all of its members."[11] Accordingly, Defendants "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction."[12] "[S]ection 1332(a)(1) demands diverse citizenship, not diverse residency."[13]

Defendants have failed to adequately plead the citizenship of any party. The notice of removal merely references the residency of Plaintiff. It is well-established that an allegation of a party's residence, standing alone, is

---

[8] 28 U.S.C. § 1332(c)(1).

[9] Carden v. Arkoma Assoc., 494 U.S. 185, 188–89 (1990).

[10] *Id.* at 195–96.

[11] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

[12] Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of La., Inc., No. 07-3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also* Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); Toney v. Knauf Gips KG, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

[13] Nadler v. Am. Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985).

insufficient to establish citizenship for purposes of diversity jurisdiction.[14] Likewise, the Notice of Removal alleges that Defendant AutoZone is a limited liability company with a domicile in Delaware, but neither identifies its members nor alleges their citizenship. Accordingly, the Court is unable to properly determine the citizenship of any party.

## CONCLUSION

Because Defendant's Notice of Removal fails to adequately allege jurisdiction, the Court ORDERS that Defendant amend their Notice of Removal within 20 days of the entry of this Order to properly allege jurisdiction or the case will be remanded for lack of subject matter jurisdiction.

New Orleans, Louisiana this 4th day of January, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] *See* Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir.1984) (per curiam); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 310 n.2 (5th Cir. 2002).