UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT LEE                                              CIVIL ACTION

VERSUS                                                  NO: 17-17686

AUTOZONE STORES, LLC ET AL.                             SECTION: "H"

# ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 15). For the following reasons, the Motion is **GRANTED**.

# BACKGROUND

This personal injury suit arises out of Plaintiff Robert Lee's fall in the parking lot of an AutoZone in Hammond, Louisiana. On September 15, 2017, Lee drove his pickup truck to AutoZone in search of motor oil. At the time, he was recovering from surgery performed on his left knee to repair a torn tendon. This disability qualified him to park in handicap spots. When he arrived at the store, he parked his pickup in a handicap spot. Immediately to the left of the spot, the ground was elevated. The difference in elevation between the parking spot and the area to the left of the spot, which led to the front entrance of the store, was about six inches.

Lee stepped out of his pickup and onto the raised area without issue. He walked into the store, spoke with a store employee, and then proceeded back

1

to his pickup to make a phone call. As Lee approached his pickup, he failed to notice the difference in elevation between the ground and the parking spot. Instead of stepping directly into his truck, he stepped into the space between the curb and his pickup. Not expecting the ground to be lower, Lee lost his balance and fell forward. His left knee—the one on which surgery had recently been performed—struck the side of the pickup. Lee alleges that this fall caused him to re-injure his knee. He further alleges that he fell because AutoZone negligently designed the curb where he fell.

On November 17, 2017, Lee filed suit against AutoZone and its insurer in Louisiana's 21st Judicial District Court for Tangipahoa Parish. AutoZone removed the suit to this Court on December 21, 2017.

On November 13, 2018, AutoZone filed the instant Motion for Summary Judgment. AutoZone argues that it is entitled to judgment as a matter of law because the hazard that allegedly caused Lee's injury—a curb—was open and obvious. Lee responds that the curb was not open and obvious because it was not marked with paint or any other visual cue to warn pedestrians of the roughly six-inch drop in elevation between the parking spot and the ground that led to the entrance of the store.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Nevertheless, a dispute

---

[1] FED. R. CIV. P. 56.
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

---

[3] *Id.* at 248.
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Louisiana Revised Statutes § 9:2800.6 provides a negligence cause of action to people who suffer an injury at a business because of an unsafe condition at the business.[10] Subsection B of the statute sets forth the elements a plaintiff must prove to succeed on his claim.[11] The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[12]

AutoZone argues that Lee cannot prove that a condition existed at AutoZone presenting an unreasonable risk of harm to Lee. This Court agrees.

A failure to make a clear showing of any one element under Louisiana's merchant liability statute is fatal to a plaintiff's claim.[13] The first element of the statute requires a plaintiff to show that a condition existed at a merchant's premises presenting an unreasonable risk of harm to the plaintiff.[14] Louisiana courts employ a risk-utility balancing test when determining whether a

---

[10] LA. REV. STAT. § 9:2800.6.
[11] *Id.* § 9:2800.6(B).
[12] *Id.*
[13] White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086 (La. 1997).
[14] LA. REV. STAT. § 9:2800.6(B)(1).

4

condition presents an unreasonable risk of harm.[15] The ultimate question of the test is whether the utility of the hazard outweighs the risk of harm it presents. "Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others."[16] The risk-utility test requires consideration of the following four factors:

> (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature.[17]

## I. Risk-Utility Analysis

### a. Utility of the Condition

The curb in the AutoZone parking lot where Lee fell possesses utility.[18] The spot where Lee parked is in front of the entrance to the store. Customers enter and exit the store near the parking spot. The curb helps prevent vehicles from running onto the sidewalk in front of the store, protecting both people and the store's structure.[19] This factor weighs against a finding that the curb presented an unreasonable risk of harm.

### b. Likelihood and Magnitude of the Harm

---

[15] Lavergne v. BJ's Restaurants, Inc., 208 So. 3d 918, 923 (La. App. 1 Cir. 2016) (citing Bufkin v. Felipe's Louisiana, LLC, 171 So. 3d 851, 856 (La. 2014)).
[16] Moore v. Murphy Oil USA, Inc., 186 So. 3d 135, 147 (La. App. 1 Cir. 2015) (citing Reed v. Wal–Mart Stores, Inc., 708 So.2d 362, 365 (La. 1998)).
[17] *Bufkin*, 171 So. 3d at 856.
[18] The parties did not discuss the utility of the curb in their briefs.
[19] *See* Maxwell v. Bd. of Trustees for State Colleges & Universities, 692 So. 2d 641, 647 (La. App. 3 Cir. 1997) (recognizing the utility of "the sidewalk and the curb area"); Standifer v. Circle K Stores, Inc., No. 14-2431, 2015 WL 2452428, at *4 (W.D. La. May 21, 2015) (recognizing the utility of a "wheel stop" in a parking spot that prevented vehicles from jumping a curb and striking a store's display of propane tanks).

This Court finds that the curb presented a low likelihood of harm because any harm presented by it was obvious. The Louisiana Supreme Court has held that the second prong of the risk-utility inquiry "focuses on whether the allegedly dangerous or defective condition was obvious and apparent."[20] A defendant has no duty "to protect against that which is obvious and apparent . . . to everyone who may potentially encounter it."[21]

Considering similar facts, Louisiana's First Circuit Court of Appeal in *Williams v. Liberty Mutual Fire Insurance Company* upheld a trial court's finding that "a simple curb in a parking lot, in and of itself, does not create an unreasonable risk of harm. It's open and obvious."[22] In *Williams*, the plaintiff fell while stepping off a curb toward a handicap parking spot.[23] The same fate befell Lee. As the court in *Williams* noted, "[a]n accident, alone, does not support the imposition of liability, particularly considering the normal hazards pedestrians face while traversing sidewalks and parking lots in this state."[24]

A pair of painted stripes line the spot where Lee parked his pickup.[25] Measuring several inches in width, these lines—one blue and one white—separate the curb from the parking spot.[26] The lines are obvious to anyone who looks at them. They highlight the space between the spot and the curb, making the space obvious too.

Lee argues that AutoZone's failure to paint the curb a different color from the sidewalk created an unreasonable risk of harm. This Court disagrees. While it is likely true that a yellow curb against a gray sidewalk would appear

---

[20] *Bufkin*, 171 So. 3d at 856.
[21] *Id.*
[22] Williams v. Liberty Mut. Fire Ins. Co., 217 So. 3d 421, 428 (La. App. 1 Cir. 2017).
[23] *Id.* at 426.
[24] *Id.* at 427 (citing Williams v. Leonard Chabert Medical Center, 744 So. 2d 206, 211 (La. App. 1 Cir. 1999)).
[25] *See* Doc. 15-4 at 23.
[26] *See id.*

*more* obvious than a gray curb against a gray sidewalk, that does not make it any less true that a space between a parking spot and a curb, which itself features lines painted blue and white, is obvious and apparent to anyone who watches their step when they walk. This factor weighs against a finding that the curb presented an unreasonable risk of harm.

### c. Cost of Preventing the Harm

Plaintiff presents evidence that the cost to paint the curb where Lee fell would be minimal. This Court assumes for the purposes of this Motion that that is true. This factor weighs in favor of finding that the curb presented an unreasonable risk of harm.

### d. Nature of Plaintiff's Activities

The fourth factor requires courts to consider "the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature."[27] At the time Lee fell, he was walking back to his pickup to check on the status of his AutoZone rewards card. He had driven to the store to shop for motor oil. Nothing about Lee's conduct was dangerous by nature, nor was it especially socially useful. Because the social utility of his conduct was neutral, this Court finds that this factor weighs neither in favor nor against a finding that the curb presented an unreasonably dangerous condition.[28]

## II. The Curb Did Not Present an Unreasonable Risk of Harm

Other federal district courts in Louisiana have held that neither a wet curb, a curb with algae on it, nor an eight-inch long depression in a parking spot constituted an unreasonable risk of harm in the context of merchant liability cases.[29] A dry curb separated from an even-surfaced parking spot by

---

[27] *Bufkin*, 171 So. 3d at 856.
[28] The parties did not brief this issue.
[29] *See, e.g.*, Martin v. Boyd Racing, L.L.C., No. 2:14-CV-3040, 2016 WL 1546792, at *3 (W.D. La. Apr. 14, 2016) (granting summary judgment because algae on a concrete curb did not

7

painted lines does not present an unreasonable risk of harm. Even assuming that the cost to reduce or eliminate the harm posed by the unpainted curb is minimal and that Lee was engaged in socially useful behavior when he went to AutoZone, the utility of the curb is high, and the harm presented by it is obvious. There is no genuine issue of material fact about whether the curb presented an unreasonable risk of harm. It did not. Lee has thus failed to carry his burden of proof to show that the curb presented an unreasonable risk of harm. As such, he cannot prove every element of his claim, and summary judgment is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**.

New Orleans, Louisiana this 2nd day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

create an unreasonably dangerous condition), *aff'd*, 681 F. App'x 409 (5th Cir. 2017); Washington v. St. Charles Gaming Co. Inc., No. 06-1477, 2008 WL 394214, at *3 (W.D. La. Feb. 12, 2008) (granting summary judgment because a wet curb did not create an unreasonably dangerous condition); Leonard v. Sam's W., Inc., No. 11-846, 2013 WL 121761, at *4 (M.D. La. Jan. 9, 2013) (granting summary judgment because an eight-inch long depression in a parking lot did not create an unreasonably dangerous condition).